**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JESUS EDUARDO REYES HERMES,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § § | **CAUSE NO. EP-26-CV-1499-KC** |
| **WARDEN ERO EL PASO CAMP EAST MONTANA, et al.,** | § § § | |
| **Respondents.** | § § | |

<u>**SHOW CAUSE ORDER**</u>

On this day, the Court considered Jesus Eduardo Reyes Hermes' Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1.  Reyes Hermes is detained at Camp East Montana in El Paso, Texas.  *Id.* ¶ 9.  He argues that his detention is unlawful and asks the Court to order his immediate release, or in the alternative, a bond hearing.  *Id.* ¶¶ 106–135, *id.* at 34–35.  He also requests that the Court issue a temporary restraining order and preliminary injunction for his release or a bond hearing.  *Id.* at 44.

Reyes Hermes is a Venezuelan national who entered the United States in the summer of 2023 with his minor child, J.R.C, who has a pending habeas petition before this Court.  *Id.* ¶¶ 2, 24; *see* Pet., *J.R.C. v. Salazar*, 3:26-cv-1469-KC (W.D. Tex. May 26, 2026), ECF No. 1.  On July 10, 2023, the Department of Homeland Security ("DHS") issued Reyes Hermes, along with J.R.C, a Notice to Appear, and then released them on their own recognizance.  Pet. ¶¶ 31–32.  On April 18, 2024, an Immigration Judge ("IJ") dismissed Reyes Hermes and J.R.C.'s immigration proceedings, upon DHS's motion, because they had applied for Temporary Protected Status ("TPS").  *Id.* ¶ 33.  Reyes Hermes and J.R.C. were granted TPS in 2024 pursuant to the 2023

designation of TPS for Venezuela.  *Id.* ¶ 34.  They applied to renew their TPS by the deadline, extending their TPS until at least October 2, 2026.  *Id.*  Reyes Hermes thus alleges that he "holds valid TPS, which prohibits [his] detention."  *Id.* ¶ 3.  Despite this, on April 28, 2026, Reyes Hermes was arrested by immigration authorities outside of his home.  *Id.* ¶¶ 36–41.  When Reyes Hermes identified J.R.C. as his son, immigration authorities arrested J.R.C. as well.  *Id.* ¶ 41.

As alleged, Reyes Hermes' case appears materially indistinguishable from others in which this Court has found a procedural due process violation.  *See, e.g.*, *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1, 10–13 (W.D. Tex. Oct. 2, 2025).  Of course, Respondents are nevertheless permitted to state their position before a ruling.  In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected.  Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Reyes Hermes' case warrant a different outcome.

As for Reyes Hermes' request for a temporary restraining order and preliminary injunction for his release or a bond hearing, even crediting his likelihood of success on the merits of his Petition, the Court cannot issue the ultimate relief requested until Respondents have an opportunity to respond.  *See Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *see also Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to 'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations omitted).  Therefore, this request is denied.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <ins>**no later than June 5, 2026**</ins>, why the application for a writ of habeas corpus should not be granted.  *See Lopez-Arevelo v.* Ripa, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025).  The

2

Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 29th day of May, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3