**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JESUS EDUARDO REYES HERMES,** | § | |
| | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1499-KC** |
| | § | |
| **WARDEN ERO EL PASO CAMP EAST MONTANA, et al.,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Jesus Eduardo Reyes Hermes' Petition for a Writ of

Habeas Corpus, ECF No. 1. Reyes Hermes is detained at Camp East Montana in El Paso, Texas.

*Id.* ¶ 9. He argues that his detention is unlawful and asks the Court to order his immediate

release, or in the alternative, a bond hearing. *Id.* ¶¶ 106–135, *id.* at 34–35.

Reyes Hermes is a Venezuelan national who entered the United States in the summer of

2023 with his minor child, J.R.C, who has a pending habeas petition before this Court. *Id.* ¶¶ 2,

24; *see* Pet., *J.R.C. v. Salazar*, 3:26-cv-1469-KC (W.D. Tex. May 26, 2026), ECF No. 1. On

July 10, 2023, the Department of Homeland Security ("DHS") issued Reyes Hermes, along with

J.R.C, a Notice to Appear, and then released them on their own recognizance. Pet. ¶¶ 31–32. On

April 18, 2024, an Immigration Judge ("IJ") dismissed Reyes Hermes and J.R.C.'s immigration

proceedings, upon DHS's motion, because they had applied for Temporary Protected Status

("TPS"). *Id.* ¶ 33. Reyes Hermes and J.R.C. were granted TPS in 2024 pursuant to the 2023

designation of TPS for Venezuela. *Id.* ¶ 34. They applied to renew their TPS by the deadline,

extending their TPS until at least October 2, 2026. *Id.* And they are members of the National

TPS Alliance. *Id.* ¶ 35.  Reyes Hermes alleges that he "holds valid TPS, which prohibits [his] detention." *Id.* ¶ 3.  Despite this, on April 28, 2026, Reyes Hermes was arrested by immigration authorities outside of his home. *Id.* ¶¶ 36–41.  When Reyes Hermes identified J.R.C. as his son, immigration authorities arrested J.R.C. as well. *Id.* ¶ 41.

Respondents argue that Reyes Hermes' case must be dismissed because TPS for Venezuela was terminated in February 2025, and Reyes Hermes is subject to mandatory detention under 8 U.S.C. § 1225(b) pursuant to *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1, 3–5, 10–17, ECF No. 4.

Reyes Hermes argues that his TPS remains valid because the termination of Venezuela's TPS designation has been declared unlawful by a district court in the Central District of California in a case brought by the National TPS Alliance, of which he is a member.  *See* Pet. ¶¶ 2, 34–35, 49–64, 67–68, 106–109; *Nat'l TPS All. v. Noem*, No. 25-cv-1766, 2025 WL 3539156 (N.D. Cal. Dec. 10, 2025).  And that, as a result, his detention is unlawful under 8 U.S.C. § 1254a(d)(4), which prohibits the detention of aliens with TPS.  *See* Pet. ¶¶ 106–109.  However, even if the Court was to find that the declaratory judgment has a preclusive effect in this habeas proceeding, "a declaratory judgment 'does not, in itself, coerce any party or enjoin any future action.'" *Nava v. Warden of Port Isabel Serv. Processing Ctr.*, No. 26-cv-230, 2026 WL 1018343, at *6 (S.D. Tex. Apr. 15, 2026) (citation omitted).  Thus, the termination of Venezuela's TPS designation was not set aside by the declaratory judgment issued in *National TPS Alliance*. *See id.*  The summary judgment order in that same case did set aside the termination, but it has been stayed by the Supreme Court. *See Noem v. Nat'l TPS All.*, 146 S. Ct. 23 (2025).  Thus, Reyes Hermes does not have valid TPS at this time and his detention is not unlawful under 8 U.S.C. § 1254a(d)(4).  Therefore, the Petition is denied as to this claim.

Reyes Hermes, however, also challenges his detention as unlawful on both statutory grounds and constitutional due process grounds because he has not had an opportunity for a meaningful individualized custody determination.  Pet. ¶¶ 110–118, 126–131.  As to his statutory challenge, the *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Reyes Hermes' position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, as Reyes Hermes concedes, *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.  *See* Pet. ¶ 131.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–17, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex.

Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025).  Because there are no material differences between Reyes Hermes' case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Reyes Hermes' procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Reyes Hermes' Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before June 17, 2026**, Respondents shall either: (1) provide Reyes Hermes with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Reyes Hermes's continued detention; or (2) release Reyes Hermes from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before June 17, 2026**, Respondents shall **FILE** notice informing the Court whether Reyes Hermes has been released from custody.  If Reyes Hermes has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

---

[1] To the extent there are any fact dispute, the Court resolves them in Respondents' favor, *see* Resp. 2, and therefore grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Reyes Hermes' requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**IT IS FURTHER ORDERED** that if Reyes Hermes is released from custody, Respondents shall **RETURN** all of his personal property in their custody, without which his liberty interest will be affected, to him upon release.  Such property includes, but is not limited to, identification documents.

**There will be no extensions of the June 17, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 10th day of June, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE